IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALLY A. DRAY,

      Plaintiff,

vs.                                             Civil Action 2:09-CV-420
                                                  Judge Sargus
                                                  Magistrate Judge King

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant.

## ORDER

      On July 16, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner of Social Security be affirmed. *Report and Recommendation*, Doc. No. 18. This matter is now before the Court on plaintiff's *Objection*, Doc. No. 19, to that *Report and Recommendation*, which the Court will consider de novo. *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

      Plaintiff was 62 years of age at the time the administrative law judge issued the decision in this case. The administrative law judge found that plaintiff has the following severe impairments: diabetes mellitus, status post right carpal tunnel release, mild left carpal tunnel syndrome, spondylosis of the cervical and lumbar spine, status post myocardial infarction and pacemaker implantation, left shoulder replacement, remote history of right rotator cuff repair and an adjustment disorder. The administrative law judge went on to find that plaintiff has the residual functional capacity fo perform her past

relevant work as a long distance telephone operator. The administrative law judge therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act.

In reaching this conclusion, the administrative law judge rejected the opinion of disability articulated by plaintiff's treating physician, Robert Violette, D.O., who reported in September 2006 that plaintiff's "clinical course continues to decline. Given all of her health issues I doubt she can sustain any meaningful employment." A.R. 242.

The Magistrate Judge concluded that the decision of the administrative law judge finds substantial support in the record and therefore recommended that the administrative decision be affirmed.

In her *Objection*, plaintiff contends, as she did in her *Statement of Errors*, that the administrative law judge improperly rejected Dr. Violette's opinion of disability; she also argues that her impaired memory precludes the performance of her past relevant work as a long distance telephone operator. *Objection*, p. 2.

An administrative law judge may reject the opinions of a treating physician if those opinions are not well-support or are inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). *See also* 20 C.F.R. §404.1527(d)(2). In doing so, however, the administrative law judge "must still determine how much weight is appropriate. . . ." *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009). Moreover, an administrative law judge must provide "good reasons" for discounting the opinions of a treating physician, *i.e.*, "reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d

2

234, 242 (6th Cir. 2007), citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5.

The administrative law judge rejected Dr. Violette's opinion of disability as "vague and merely conclusory," A.R. 20, and inconsistent with the medical evidence of record. The Magistrate Judge concluded that the administrative law judge's finding in this regard enjoys substantial support in the record and conformed to all applicable standards:

> . . . Dr. However, Dr. Violette's treatment notes generally indicate good response to treatment. In January 2006 and 2007, plaintiff's coronary artery disease and pacemaker were characterized as stable. A.R. 234, 240. Cardiac exams were normal. A.R. 226-40. Blood pressure was controlled, A.R. 239, and her diabetes was stable. A.R. 231, 234, 237.

*Report and Recommendation*, at 4. Plaintiff's carpal tunnel release resulted in a good outcome, A.R. 181, and there was no evidence of radiculopathy, plexopathy or polyneuropathy. A.R. 294-95. The Court concludes that the administrative law judge did not err in his evaluation of Dr. Violette's opinion of disability.

Plaintiff also contends that there is "uncontradicted testimony" of severe memory problems that render her disabled.[1] Although plaintiff testified that her memory problems pose a great impediment to work, A.R. 317-20, that testimony is inconsistent with other substantial evidence in the record. The consultative psychologist reported that plaintiff's memory was "superficially intact," A.R. 167, and, as evaluated by the WMS-III, ranged from low average to borderline "with no particular anomalies noted." A.R. 168. Plaintiff's Global Assessment of Functioning was placed at 70. A.R. 168.

---

[1] As plaintiff notes, *Objection*, at 2, should plaintiff not be able to perform any past relevant work, her residual functional capacity for sedentary exertion would require a finding of disability. *See* Rule 201.06 of Appx 2 to Subpt. P of Regs. No. 4.

3

The administrative law judge adopted the physical residual functional capacity assessment articulated by the medical expert who testified at the administrative hearing and the mental residual functional capacity assessment of the consultative psychologist. According to the vocational expert, those assessments would permit the performance of plaintiff's past work as a long-distance telephone operator. A.R. 343. Under these circumstances, it cannot be said that the findings and conclusions of the administrative law judge do not enjoy substantial support in the record.

Plaintiff's *Objection,* Doc. No. 19, is therefore **DENIED**. The *Report and Recommendation,* Doc. No. 18, is **ADOPTED AND AFFIRMED**.

The decision of the Commissioner of Social Security is **AFFIRMED** and this action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

_8-27-2010_
Date

Edmund A. Sargus, Jr.
United States District Judge